UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAURICE MCDOWALL,

                                                                      11 Civ. 2095 (RPP)
                       Petitioner,          07 Cr. 1054 (RPP)

            - v. -                                  **OPINION AND ORDER**

UNITED STATES OF AMERICA,

                     Respondent.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

**I.**      **Introduction**

On March 21, 2011, Petitioner Maurice McDowall ("McDowall"), *pro se*, filed a motion pursuant to 28 U.S.C. section 2255 to vacate, set aside, or correct his sentence for one count of conspiracy to commit bank fraud and wire fraud in violation of 18 U.S.C. section 1349. Petitioner seeks to vacate his sentence on the ground that he was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution.

**II.**     **Background**

On November 19, 2007, an indictment (the "Indictment") was filed against Petitioner and five co-defendants, charging them with conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. section 1349; five counts of wire fraud, in violation of 18 U.S.C. sections 1343 and 1342; and one count of bank fraud, in violation of 18 U.S.C. sections 1344 and 1342. The Indictment also contained a forfeiture allegation seeking the forfeiture of $20 million. The Indictment alleged that McDowall and his co-defendants operated a large-scale fraud through a company called Lost and Found Recovery, a so-called foreclosure rescue specialist. The Indictment further alleged that during the course of the conspiracy, the defendants and their co-

1

conspirators defrauded numerous lending institutions of in excess of $2.5 million, and over ten victims of their equity and ownership interest in their homes—leaving some of the homeowners homeless.

On June 3, 2008, Petitioner, represented by trial counsel, pled guilty pursuant to a plea agreement (the "Plea Agreement") with the Government to Count One of the Indictment, which charged him with conspiracy to commit bank and wire fraud. The Plea Agreement contained stipulations concerning the application of the United States Sentencing Guidelines and stipulated to a Guidelines sentencing range of 78 to 97 months imprisonment (the "Stipulated Guidelines Range"). (See Govt.'s Resp. to Maurice McDowall's Mot. to Vacate, Set Aside, and Correct a Sentence ("Govt.'s Resp.") Ex. A at 3.) The Plea Agreement also provided that:

> The parties agree that neither a downward nor an upward adjustment or departure from the Stipulated Guidelines Range . . . is warranted.  Accordingly, neither party will seek a departure or seek any adjustment not set forth herein.  Nor will either party suggest that the Probation Department consider such a departure or adjustment, or suggest that the Court sua sponte consider a departure or adjustment.
>
> *          *          *
>
> However, the parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range, suggest that the Probation Department consider a sentence outside of the Stipulated Guidelines Range, and suggest that the court *sua sponte* consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

(Id.) Before accepting McDowall's guilty plea, the Court conducted an allocution in full compliance with Rule 11 of the Federal Rules of Criminal Procedure. After hearing McDowall's statement to the Court, his guilty plea was accepted.

On October 1, 2008, the District Court held a sentencing hearing. The Court first heard from McDowall's counsel, who asked that he be sentenced at the lower end of the Stipulated

Guidelines Range based on his inability to get adequate treatment for his medical condition while incarcerated, and his likely deportation as a result of the conviction. (Govt.'s Resp. Ex. B at 5-8.) The Court then heard from six homeowners who were victims of McDowall's fraudulent scheme. (Id. at 9-20.) McDowall himself then addressed the Court. (Id. at 20-22.) After both sides were heard, the Court stated:

> I've considered both the guidelines and the 3553(a) factors. I think in this case it's important to impose a sentence that should afford to act a [sic] deterrence to this kind of conduct. That's the primary purpose of sentencing. And people should know what - - other people engage in this kind of conduct should be warned against it. I've heard the victims and read the victims' letters. And I depart upward from the guidelines sentence. And I sentence the defendant to ten years in jail.

(Id. at 40.) The Court also issued an order of forfeiture in the amount of $2.5 million and imposed a $100 mandatory special assessment.

On October 7, 2008, the Government wrote the Court to request that it "clarify a possible ambiguity in its explanation for imposing a sentence above the applicable Sentencing Guidelines range." (Govt.'s Resp. Ex. C.) The Government stated in its letter that it understood the sentence to include an above-Guidelines variance based on the Court's explanation of its reasons for the 120-month sentence, rather than an upward departure. (Id.) The Court granted the Government's request for clarification, and on October 8, 2008, wrote:

> The Court's "departure" was not intended to be a departure upward under the Sentencing Guidelines, but rather, after consideration of 18 U.S.C. § 3353(a), it determined that section 3353(a)(2)(B) required a sentence higher than the Guidelines calculation to provide adequate deterrence to persons who might use fraud, not just to obtain money illegally, but also to deprive persons of their homes.

(Id.)

Following his conviction, Petitioner filed an appeal to challenge his 120-month sentence as substantively and procedurally unreasonable. On January 5, 2010, the Second Circuit, in a

3

summary order, affirmed the District Court's judgment in all respects. See United States v. McDowall, 359 Fed. App'x 214 (2d Cir. 2010).

McDowall, proceeding *pro se*, has petitioned the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. section 2255. In his petition, Petitioner asserts three separate grounds for relief based on ineffective assistance of counsel in violation of the Sixth Amendment: (1) trial counsel failed to object to the Government's alleged breach of the Plea Agreement by calling victims to testify at the sentencing hearing; (2) trial counsel failed to object to the Court's alleged upward departure under the Sentencing Guidelines without having previously given notice to the Defendant; and (3) appellate counsel failed to challenge on direct appeal the Government's October 7, 2008 submission to the Court in which the Government asked the Court to clarify whether it intended to depart from the Sentencing Guidelines or whether the Court intended the sentence to be based on the section 3553(a) factors. (Pet'r's Mem. in Supp. of Mot. to Vacate, Set Aside, or Correct Sentence ("Pet'r's Mem.") at 2-3).

On September 13, 2011, the Government filed a memorandum of law in opposition to McDowall's petition, in which it contends that McDowall's claims are without merit and should be denied without a hearing. The Petitioner filed a reply memorandum with the Court on October 3, 2011.

### III.   Legal Standard

Title 28 U.S.C., section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

"[A]n ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). The Court is mindful that McDowall is proceeding *pro se*, and thus his submissions will be "liberally construed in his favor," Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995), and read to "raise the strongest arguments that they suggest," Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (citation omitted).

## IV.     Discussion

To establish a claim for ineffective assistance of counsel, a petitioner must demonstrate (1) that his counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the petitioner. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel's performance was deficient if it "fell below an objective standard of reasonableness" under "prevailing professional norms." Id. at 688. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. In addition to demonstrating an unreasonable error by counsel, a petitioner must show that the deficiency in counsel's performance had an effect on the result; that is, that the error was prejudicial to the petitioner. Id. at 691-96. A petitioner demonstrates prejudice by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 687, 694.

### A.     Trial Counsel's Failure to Object to the Calling of Witnesses at the Sentencing Hearing

McDowall first claims that his counsel was ineffective because he failed to object to the "governments [sic] breach of plea" when the Court allowed six witnesses to be called during his sentencing hearing. (Pet'r's Mem. at 2.)  He argues that "trial counsel's failure to object to or

5

counter the victim witness statement was prejudicial in causing the sentencing judge to 'depart upward from the guidelines sentence.'" (Pet'r's Reply to Govt.'s Resp. to Pet'r's Mot. to Vacate, Set Aside, or Correct Sentence ("Pet'r's Reply") at 5.)

Contrary to Petitioner's assertions, the Government did not "bring[] in 6 victims to testify seeking the upward departure that the Judge granted." (Pet'r's Mem. at 2.) The Government simply notified the Court that victims were present who wanted to address the Court. (See Govt.'s Resp. Ex. B at 8.) Federal law gives crime victims the right to be reasonably heard at sentencing hearings in district court. See 18 U.S.C. § 3771(a)(4) (A crime victim has "[t]he right to be reasonably heard at any public proceeding in the district court involving . . . sentencing."); Fed. R. Crim. P. 32(i)(4)(B) ("Before imposing sentence, the court must address any victim of the crime who is present at sentence and must permit the victim to be reasonably heard.") Therefore, the testimony of these witnesses cannot be considered advocacy on the part of the Government for a departure from the Stipulated Guidelines Range, in breach of the Plea Agreement.[1] Petitioner's claim that trial counsel's failure to "counter" the victim witness statements constitutes ineffective assistance is unfounded. Trial counsel submitted a number of letters on behalf of Petitioner, and argued for a sentence at the lower end of the Stipulated Guideline Range at the sentencing hearing. Trial counsel's actions were neither unreasonable, nor prejudicial to the Petitioner, and thus his ineffectiveness claim is without merit.

### B.     Trial Counsel's Failure to Object to the Court's Alleged Upward Departure

McDowall next argues that his counsel was ineffective for failing to object to the Court's alleged upward departure from the Sentencing Guidelines. (Pet'r's Mem. at 10.) He contends that the Court did not make a variance in the sentencing range but rather "departed upward from the

---

[1] There was no language in the Plea Agreement precluding victims from testifying at sentencing. (See Govt.'s Resp. Ex. A.)

guidelines therefore, a notice was supposed to be served on defendant, but counsel failed to object." (Id.)  The Second Circuit rejected this argument on direct appeal, holding that "the record below shows that Judge Patterson imposed McDowall's sentence in <u>variance</u> from the Guidelines range upon consideration of the Guidelines and 3553(a)'s sentencing factors." <u>McDowall</u>, 359 Fed. App'x at 215 (emphasis in original). The Second Circuit further stated that because the imposed sentence was a variance and not a departure, it "was not required to give McDowall notice that his sentence would vary from the Guidelines range." <u>Id.</u>

In order to succeed on an ineffective assistance counsel claim, Petitioner must show that he was prejudiced in some way by counsel's act or failure to act. Here, petitioner offers no evidence to suggest that, had his counsel objected during the sentencing hearing, the Court would have sentenced McDowall differently. Furthermore, because the Court made clear that its sentence was a variance and not an upward departure, no notice to the defendant was required. Thus, McDowall's second ineffective assistance of counsel claim is without merit.

### C. Appellate Counsel's Failure to Challenge the Government's October 7, 2008 Letter to the Court

Finally, Petitioner argues that his appellate counsel was ineffective because he failed "to challenge the prosecutor's alleged breach of the plea agreement as well as to properly challenge the prosecutor's post-sentencing memo to the sentencing judge." (Pet'r's Reply at 5.)  As discussed <u>supra</u>, the Government did not breach its plea agreement by allowing witnesses to testify at the sentencing hearing. Therefore, appellate counsel's decision to omit this argument on appeal was not unreasonable.  Petitioner's further contention, that appellate counsel failed to challenge the Government's October 7, 2008 submission to the Court, is counterfactual.  In his appellate brief, Petitioner's counsel challenged the sentence as procedurally unreasonable, and specifically raised the issue of the October 7, 2008 submission.  Brief for Appellant at 8-9,

United States v. Moore, 359 Fed. App'x 214 (2d. Cir. 2010) (No. 08-4995-cr.), 2009 WL 8189807. The Second Circuit rejected these claims as "without merit." McDowall, 359 Fed. App'x at 215.

In order to meet the Strickland burden for ineffective assistance of counsel, Petitioner must show both that his counsel's performance was deficient and that the counsel's deficient performance prejudiced the petitioner. Petitioner has failed to prove that his appellate counsel was ineffective. The record shows that appellate counsel raised the very arguments that petitioner claims he failed to raise, and the Second Circuit dismissed those arguments as meritless. Thus, McDowall's third claim for ineffective assistance of counsel is without merit.

## V.     Conclusion

Petitioner was not denied effective assistance of counsel at trial or on appeal, and therefore his petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. section 2255 is denied.  No hearing is necessary, as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; Armienti v. United States, 234 F.3d 820, 822-23 (2d Cir. 2000).

The Court certifies, pursuant to 28 U.S.C. section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253.

IT IS SO ORDERED.

Dated: New York, New York
October 25, 2011

_____
Robert P. Patterson, Jr.
U.S.D.J.

9

*COPIES OF THIS OPINION AND ORDER WERE SENT TO:*

**Defendant, pro se**
Maurice McDowall
USMS # 31684-069
F.C.I. Allenwood Low
P.O. Box 1000
White Deer, PA 17887

**The Government**
Katherine R. Goldstein
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
Tel: (212) 637-2262
Fax: (212) 637-0083